# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** 1:20-cv-78 |
| § | |
| **FREDERICK HINZE and** § | |
| **DIANE HINZE,** § | |
| § | |
| **Defendants.** § | |

## COMPLAINT

1.  The United States of America files this complaint on behalf of the Small Business Administration and the Department of Treasury. The United States loaned the defendants $91,000. The defendants failed to make the required payments under the promissory note and loan agreement. As a result, the defendants defaulted, and the United States demanded the principal amount remaining on the note, the outstanding interest, and administrative fees authorized by law. The total due is $123,051.72 (as of December 4, 2019). Because the defendants failed to pay the amount due, the United States files this lawsuit.

## PARTIES

2.  The United States is the plaintiff.

3.  Frederick Hinze is a defendant who resides in Liberty Hill, Texas within the Western District of Texas.

4.  Diane Hinze is a defendant who resides in Liberty Hill, Texas within the Western District of Texas.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. § 1345.

6. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) because the defendants reside in the District.

**BACKGROUND**

7. On August 9, 2007, the defendants executed a U.S. Small Business Administration Note in the principal sum of $91,000 with an annual interest rate of 4%. *See* Ex. 1, Note at 1. The loan number is Loan #DLB 29307660-09.

8. The Note required in relevant part: "Borrower must pay principal and interest payments of **$960.00** every month beginning **Five (5)** months from the date of the Note. . . . All remaining principal and interest is due and payable **Ten (10) years** from the date of the Note." *Id.* (emphasis in original). The Note further stated, "Borrower is in default under this Note if Borrower does not make a payment when due under this Note[.]" *Id.*

9. The Note granted the Small Business Administration the following rights (among others) if the defendants defaulted: "Without notice or demand and without giving up any of its rights, the SBA may: A) Require immediate payment of all amounts owing under the Note; . . . [and] C) File suit and obtain Judgment[.]" *Id.* The Small Business Administration also had the right to "demand immediate reimbursement from Borrower [for expenses incurred] or add the expenses to the principal amount." *Id.*

10. "When the SBA is the holder, the Note will be interpreted and enforced under federal law, including SBA regulations." *Id.*

11. The defendants also executed a Loan Authorization and Agreement, which (like the Note) required, "Interest will accrue at the rate of 4% per annum; installment payments,

including principal and interest, of Nine Hundred Sixty and 00/100 Dollars monthly ($960.00), will begin Five (5) months from the date of the promissory Note. The balance of principal and interest will be payable Ten (10) years from the date of the promissory Note." Ex. 2, Loan Authorization and Agreement at 1 (emphasis in original).

12. From January 2008 to February 2014, the defendants made the monthly payments required under the Note and Loan Agreement. In March 2014, they failed to make payment and made only a partial payment in April 2014.

13. In November 2014, the Small Business Administration referred the outstanding debt to the Department of Treasury's Bureau of Fiscal Services for collection. That same month, the Treasury demanded that the defendant pay the full amount outstanding on the Note, including interest. The defendants did not respond to the letter.

14. From November 2014 to September 2019, the Treasury contracted with two private companies to collect the debt from the defendants. After the companies made no collections, the Treasury referred this matter to the U.S. Attorney's Office for the Western District of Texas.

15. As of December 4, 2019, Frederick and Diane Hinze owed the United States the principal amount of $73,843.07 remaining on the Note, the outstanding interest of $16,581.30, and administrative fees of $32,627.35 authorized by 28 U.S.C. § 527 and 31 U.S.C. § 3711(g)(6), 3717(e). The total due was $123,051.72. *See* Ex. 3, Certificate of Indebtedness at 1.

## **DELCARATORY JUDGMENT**

16. The United States seeks a declaration that the defendants owe the United States certain amounts under the U.S. Small Business Administration Note, namely the principal amount of $73,843.07 remaining on the Note, the outstanding interest of $16,581.30, and

administrative fees of $32,627.35.  *See* 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.").

## **BREACH OF CONTRACT**

17. The United States and the defendants entered valid contracts, *i.e.*, the Note and Loan Agreement.

18. Under those contracts, the defendants had the duty to pay certain amounts, including the principal loan amount, interest, expenses, and any other amount authorized by the law.

19. The defendants breached the contracts by defaulting on the Note and failing to pay the amounts due, including the principal amount of $73,843.07 remaining on the Note, the outstanding interest of $16,581.30, and administrative fees of $32,627.35.

20. The defendants' breach caused the United States to suffer damages in the amount of at least $123,051.72.

## **CONCLUSION**

The United States requests that the Court enter a judgment for the United States and against Defendants Frederick Hinze and Diane Hinze as follows:

a) the principal amount of $73,843.07 remaining on the Note;

b) the outstanding interest of $16,581.30;

c) administrative fees of $32,627.35;

d) costs of suit;

e) post-judgment interest as permitted by law; and

f) any other further relief the Court finds appropriate and authorized by law.

Dated: January 23, 2020   Respectfully submitted,

JOHN F. BASH
United States Attorney

By: */s/ John M. Deck*
JOHN M. DECK
Assistant United States Attorney
Texas Bar No. 24074120
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7388
Fax: (210) 384-7322
Email: john.deck@usdoj.gov

*Counsel for the United States of America*

|  | U.S. Small Business Administration<br>**NOTE**<br>(SECURED DISASTER LOANS) | Date: August 9, 2007 |
|---|---|---|
| | | Loan Amount: $91,000.00 |
| | | Annual Interest Rate: 4.000% |

Application # 0003131918                          Loan #DLB 29307660-09

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>Ninety-One Thousand And 00/100</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "LoanDocuments" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of <u>$960.00</u> every month beginning <u>Five (5)</u> months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>Ten (10) years</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or, E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

SBA FORM 147 B (5-00)                                                                                                                    Page 1

EXHIBIT 1

0003131918/ DLB 29307660-09
Hinze Frederick W et al

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

_____
Diane E. Hinze

_____
Frederick W. Hinze

**ORIGINAL**

Application # 0003131918
Secured Business Disaster Loan

**U. S. Small Business Administration**

## LOAN AUTHORIZATION AND AGREEMENT

Date: August 6, 2007

On the above date, this Administration (SBA) authorized (under Section 7(b) of the Small Business Act, as amended) a Loan (Loan Number DLB 29307660-09) to Frederick W Hinze, Diane E Hinze (Borrower) of 4155 Ranch Road 1869, Liberty Hill, TX 78642 in the amount of Ninety-One Thousand And 00/100 ($91,000.00) Dollars upon the following conditions:

1. **PAYMENT TERMS**

    A. Interest will accrue at the rate of 4% per annum; installment payments, including principal and interest, of Nine Hundred Sixty And 00/100 ($960.00) Dollars monthly, will begin Five (5) months from the date of the promissory Note. The balance of principal and interest will be payable Ten (10) years from the date of the promissory Note.

    B. Each payment will be applied first to interest accrued to the date of receipt of each payment, and the balance, if any, will be applied to principal.

    C. Each payment will be made when due even if at that time the full amount of the Loan has not yet been advanced or the authorized amount of the Loan has been reduced.

    D. Interest will accrue only on funds actually advanced from the date(s) of each advance.

2. **COLLATERAL**

    Borrower will provide the following collateral:

    A. Security Interest in Fixtures, Account Receivable And Machinery And Equipment, Excluding Automotive, now owned, hereafter acquired, or purchased in whole or in part from the proceeds of this Loan, and/or the proceeds of any disposition thereof.

3. **GUARANTEE**

    Borrower will provide the following guarantee(s):

    A. Guarantor will provide a guarantee on SBA Form 2128 of Hinze Investments, L.L.C. of Po Box 1030, Cedar Park, TX 78630.

4. **REQUIREMENTS RELATIVE TO COLLATERAL**

    A. Borrower will submit to SBA evidence of SBA's recorded lien position and of payment of appropriate fees prior to the disbursement of Loan funds in excess of $10,000.00. Such evidence will be in a form satisfactory to SBA Counsel and will be at Borrower's expense.

    B. Borrower will not sell or transfer any collateral (except normal inventory turnover in the ordinary course of business) described in paragraph 2 hereof without the prior written consent of SBA.

    C. Borrower will neither seek nor accept future advances under any superior liens on the collateral securing this Loan without prior written consent of SBA.

EXHIBIT 2

0003131918 / DLB 29307660-09
HINZE FREDERICK W, et al

5. USE OF LOAN PROCEEDS

   Borrower will use the proceeds of this Loan solely to rehabilitate or replace property of Borrower located at 4155 Ranch Road 1869 Liberty Hill, TX 78642, damaged or destroyed by disaster occurring in the month of June, 2007. Borrower will apply all Loan proceeds to the following specific uses:

   A. Approximately $3,000.00 to repair/replace disaster damaged inventory.

   B. Approximately $76,800.00 to repair/replace disaster damaged machinery and equipment.

   C. Approximately $11,200.00 for working capital to alleviate economic injury caused by disaster occurring June, 2007 of disaster.

6. REQUIREMENTS FOR USE OF LOAN PROCEEDS AND RECEIPTS

   A. Borrower will obtain and itemize receipts (paid receipts, paid invoices or cancelled checks) and contracts for all Loan funds spent and retain these receipts for 3 years from the date of the final disbursement. Prior to each subsequent disbursement (if any) and whenever requested by SBA, Borrower will submit to SBA such itemization together with copies of the receipts.

   B. Borrower will make the damaged, repaired or replacement property(ies) available to SBA for inspection and verification of the use of Loan proceeds when so requested.

   C. Borrower will return to SBA, as soon as possible but not later than 1 year from the date of final disbursement, all funds received but not used for disaster repairs as authorized by the above paragraph. Funds so returned will be used to reduce the outstanding balance of this Loan and will not be applied in lieu of scheduled payments.

   D. Borrower will not use any proceeds of this Loan to pay wages or any other compensation for repair work performed by Borrower or members of Borrower's immediate family, or to pay overhead or profit for repairs performed by, or materials acquired from, a business in which Borrower owns a 50% or greater interest.

   E. Borrower will not use, directly or indirectly, any portion of the proceeds of this Loan to relocate without the prior written permission of SBA. The law prohibits the use of any portion of the proceeds of this Loan for voluntary relocation from the business area in which the disaster occurred. To request SBA's prior written permission to relocate, Borrower will present to SBA the reasons therefore and a description or address of the relocation site. Determinations of (1) whether a relocation is voluntary or otherwise, and (2) whether any site other than the disaster-affected location is within the business area in which the disaster occurred, will be made solely by SBA.

   F. Borrower will, to the extent feasible, purchase only American-made equipment and products with the proceeds of this Loan.

   G. Borrower will make any request for a loan increase for additional disaster-related damages as soon as possible after the need for a loan increase is discovered. The SBA will not consider a request for a loan increase received more than two (2) years from the date of the original Loan Authorization and Agreement unless, in the sole discretion of the SBA, there are extraordinary and unforeseeable circumstances beyond the control of the borrower.

EXHIBIT 2

0003131918 / DLB 29307660-09
HINZE FREDERICK W , et al

7. DEADLINE FOR RETURN OF LOAN CLOSING DOCUMENTS

**Borrower will sign and return the loan closing documents to SBA within 2 months of the date of this Loan Authorization and Agreement.** By notifying the Borrower in writing, SBA may cancel this Loan if the Borrower fails to meet this requirement. The Borrower may submit and the SBA may, in its sole discretion, accept documents after 2 months of the date of this Loan Authorization and Agreement.

8. AGREEMENT TO REMIT AND ASSIGNMENT OF COMPENSATION FROM OTHER SOURCES

   A. Eligibility for this disaster Loan is limited to disaster losses that are not compensated by other sources. Other sources include but are not limited to: (1) proceeds of policies of insurance or other indemnifications, (2) grants or other reimbursement (including loans) from government agencies or private organizations, (3) claims for civil liability against other individuals, organizations or governmental entities, and (4) salvage (including any sale or re-use) of items of damaged property.

   B. Borrower will promptly notify SBA of the existence and status of any claim or application for such other compensation, and of the receipt of any such compensation, and Borrower will promptly submit the proceeds of same (not exceeding the outstanding balance of this Loan) to SBA.

   C. Borrower hereby assigns to SBA the proceeds of any such compensation from other sources and authorizes the payor of same to deliver said proceeds to SBA at such time and place as SBA shall designate.

   D. SBA will in its sole discretion determine whether any such compensation from other sources is a duplication of benefits. SBA will use the proceeds of any such duplication to reduce the outstanding balance of this Loan, and Borrower agrees that such proceeds will not be applied in lieu of scheduled payments.

9. DUTY TO MAINTAIN INSURANCE

   A. Prior to disbursement of Loan funds in excess of $10,000.00, Borrower will purchase hazard insurance, including fire, lightning, and extended coverage on the damaged property, including contents, and the collateral for this loan, in an amount equal to 80% of the insurable value of each property or the minimum coinsurance requirement set forth in the insurance policy provided by Borrower, whichever is greater, or such other amounts and types of coverage as SBA may require   Borrower will provide proof of such hazard insurance coverage to SBA together with an endorsement naming SBA as mortgagee or loss payee, and Borrower will maintain such coverage throughout the entire term of this Loan.

   B. Prior to the disbursement of Loan Funds in excess of $10,000.00, Borrower will purchase (make application and pay the initial premium for) National Flood Insurance, or equivalent coverage, naming SBA as mortgagee or loss payee. Borrower will submit evidence of the purchase of such coverage in the amount(s) listed below or the maximum coverage available, whichever is less, for each property listed below:

   on 4155 Ranch Road 1869 Liberty Hill TX 78642 in the amount of $___.00 for real estate and $79,800.00 for business contents
   Borrower will not cancel such coverage and will maintain such coverage throughout the entire term of this Loan. **BORROWER WILL NOT BE ELIGIBLE FOR EITHER ANY FUTURE DISASTER ASSISTANCE OR SBA FINANCIAL ASSISTANCE IF THIS FLOOD INSURANCE IS NOT MAINTAINED AS STIPULATED HEREIN THROUGHOUT THE ENTIRE TERM OF THIS LOAN.**

10. BOOKS AND RECORDS

    A. Borrower will maintain current and proper books of account in a manner satisfactory to SBA for the most recent 5 years until 3 years after the date of maturity, including extensions, or the date this Loan is paid in full, whichever

0003131918 / DLB 29307660-09
HINZE FREDERICK W , et al

occurs first. Such books will include Borrower's financial and operating statements, insurance policies, tax returns and related filings, records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of Borrower's capital stock, members, partners and proprietors.

B. Borrower authorizes SBA to make or cause to be made, at Borrower's expense and in such a manner and at such times as SBA may require: (1) inspections and audits of any books, records and paper in the custody or control of Borrower or others relating to Borrower's financial or business conditions, including the making of copies thereof and extracts therefrom, and (2) inspections and appraisals of any of Borrower's assets.

C. Borrower will furnish to SBA, not later than 3 months following the expiration of Borrower's fiscal year and in such form as SBA may require, Borrower's financial operating statements.

D. Upon written request of SBA, Borrower will accompany such statements with an "Accountant's Review Report" prepared by an independent public accountant at Borrower's expense.

E. Borrower authorizes all Federal, State and municipal authorities to furnish reports of examination, records and other information relating to the conditions and affairs of Borrower and any desired information from such reports, returns, files, and records of such authorities upon request of SBA.

## 11. DISTRIBUTIONS AND COMPENSATION

A. Borrower will not, without the prior written consent of SBA, make any distribution of Borrower's assets, or give any preferential treatment, make any advance, directly or indirectly, by way of loan, gift, bonus, or otherwise, to any owner or partner or any of its employees, or to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company.

## 12. CONDITIONS RELATIVE TO LEASED PREMISES

A. Prior to disbursement of Loan funds in excess of $10,000.00, Borrower will obtain and submit in a form satisfactory to SBA a landlord's waiver covering the Borrower's leased premises. Said waiver must allow SBA free access to such leased premises in case of default or foreclosure in order to remove those items covered in the Security Interest(s) referred to in Paragraph 2 hereof.

## 13. OTHER CONDITIONS

A. If Borrower has or intends to have employees, Borrower will post SBA Form 722, "Equal Opportunity Poster", in Borrower's place of business where it will be clearly visible to employees, applicants for employment, and the general public.

B. Prior to disbursement of any Loan funds, Borrower will execute and submit Certification of LLE satisfactory to SBA.

## 14. BORROWER'S CERTIFICATIONS

Borrower certifies that:

A. There has been no substantial adverse change in Borrower's financial condition (and organization, in case of a business borrower) since the date of the application for this Loan. (Adverse changes include, but are not limited to: judgment liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)

B. No fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on SBA Form 5, "Business Disaster Loan Application"; or SBA Form 159, "Compensation Agreement". All fees not approved by SBA are prohibited.

EXHIBIT 2

0003131918 / DLB 29307660-09
HINZE FREDERICK W, et al

    C. All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan.

    D. No claim or application for any other compensation for disaster losses has been submitted to or requested of any source, and no such other compensation has been received, other than that which Borrower has fully disclosed to SBA.

    E. Neither the Borrower nor, if the Borrower is a business, any principal who owns at least 50% of the Borrower, is delinquent more than 60 days under the terms of any: (a) administrative order; (b) court order; or (c) repayment agreement that requires payment of child support.

    F. Borrower certifies that no fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on the Loan Application. All fees not approved by SBA are prohibited. If an Applicant chooses to employ an Agent, the compensation an Agent charges to and that is paid by the Applicant must bear a necessary and reasonable relationship to the services actually performed and must be comparable to those charged by other Agents in the geographical area. Compensation cannot be contingent on loan approval. In addition, compensation must not include any expenses which are deemed by SBA to be unreasonable for services actually performed or expenses actually incurred. Compensation must not include charges prohibited in 13 CFR 103 or SOP 50-30, Appendix 1. **If the compensation exceeds $500 for a disaster home loan or $2500 for a disaster business loan, Borrower must fill out the Compensation Agreement Form 159D which will be provided for Borrower upon request or can be found on the SBA website.**

    G. The Borrower(s) are the owner(s) of and hold legal title to certain real estate property fully described in Section 2-- Collateral. Said premises are in my/our possession, and my/our title thereto has never been disputed or questioned as to any part thereof. Said premises are free of all mortgages, taxes, assessments, liens, encumbrances, and claims, or interest of any other party, except as listed in Section 2 of this document. There are no actions pending affecting said real property.

## 15. CIVIL AND CRIMINAL PENALTIES

    A. <u>Criminal Penalties</u>: Any person who knowingly makes a false statement or misrepresentation to SBA shall be subject to a fine of not more than $10,000.00 or to imprisonment for not more than 5 years, or both, under provisions of 18 U.S.C. 1001 and/or 15 U.S.C. 645.

    B. <u>Civil Penalties</u>: Public Law 92-385 provides that for all disaster Loans made after August 16, 1972, anyone who wrongfully misapplies the proceeds of a disaster Loan shall be civilly liable to the Administrator in an amount equal to one and one-half times the original principal amount of the Loan.

## 16. RESULT OF VIOLATION OF THIS LOAN AUTHORIZATION AND AGREEMENT

    A. If Borrower violates any of the terms or conditions of this Loan Authorization and Agreement, the Loan will be in default and SBA may declare all or any part of the indebtedness immediately due and payable. SBA's failure to exercise its rights under this paragraph will not constitute a waiver.

    B. A default (or any violation of any of the terms and conditions) of any SBA Loan(s) to Borrower and/or its affiliates will be considered a default of all such Loan(s).

## 17. DISBURSEMENT OF THE LOAN

    A. Disbursements will be made by and at the discretion of SBA Counsel, in accordance with this Loan Authorization and Agreement and the general requirements of SBA.

    B. Disbursements may be made in increments as needed.

EXHIBIT 2

· 0003131918 / DLB 29307660-09
HINZE FREDERICK W , et al

    C. Other conditions may be imposed by SBA pursuant to general requirements of SBA.

    D. Disbursement may be withheld if, in SBA's sole discretion, there has been an adverse change in Borrower's financial condition or in any other material fact represented in the Loan application, or if Borrower fails to meet any of the terms or conditions of this Loan Authorization and Agreement.

    E. **NO DISBURSEMENT WILL BE MADE LATER THAN 6 MONTHS FROM THE DATE OF THIS LOAN AUTHORIZATION AND AGREEMENT UNLESS SBA, IN ITS SOLE DISCRETION, EXTENDS THIS DISBURSEMENT PERIOD.**

18. PARTIES AFFECTED

    A. This Loan Authorization and Agreement will be binding upon Borrower and Borrower's successors and assigns and will inure to the benefit of SBA and its successors and assigns.

19. DATE

    A. This Loan Authorization and Agreement is approved and issued on August 6, 2007.

SBA Administrator
Steven C. Preston

_/s/ Herbert L. Mitchell_
Herbert L. Mitchell
Associate Administrator
U.S. Small Business Administration

The undersigned agree(s) to be bound by the terms and conditions herein during the term of this Loan, and further agree(s) that no provision stated herein will be waived without prior written consent of SBA.

_/s/ Diane E. Hinze_     8-25-07
Diane E. Hinze     Date

_/s/ Frederick W. Hinze_     8-25-07
Frederick W. Hinze     Date

ORIGINAL

EXHIBIT 2



**DEPARTMENT OF THE TREASURY**
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. SMALL BUSINESS ADMINISTRATION
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

Frederick W. Hinze
100 Little River Road
Liberty, TX 78642

Diane E. Hinze
100 Little River Road
Liberty, TX 78642

Total debt due United States as of December 4, 2019:
Principal: $73,843.07
Interest (@4.0%): $16,581.30
Treasury and DOJ fee: $32,627.35
(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6) and 28 U.S.C. 527, Note)
TOTAL: $123,051.72

I certify that the U. S. Small Business Administration (SBA) records show that the codebtors named above are indebted to the United States in the amount stated above

The claim arose in connection with the codebtors' March 2014 default on a $91,000.00 SBA loan.

CERTIFICATION: Pursuant to 28 USC s 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the U. S. Small Business Administration.

Date: 12/4/2019

Regina Crisafulli
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service

EXHIBIT 3

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOHN M. DECK
601 NW LOOP 410, SUITE 600
SAN ANTONIO TX 78216   210-384-7388

## DEFENDANTS
FREDERICK HINZE AND DIANE HINZE

County of Residence of First Listed Defendant   WILLIAMSON
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Defendants are pro se.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| [X] 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 2201
Brief description of cause:
Default on Small Business Administration Loan and breach of the same.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 123,051.75
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 1/23/2020
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____